IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRADEN HICKERT,**

      **Plaintiff,**

      v.                                          CASE NO. 24-3229-JWL

**KANSAS DEPARTMENT OF
CORRECTIONS, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights case under 42 U.S.C. § 1983. At the time of filing, Plaintiff was incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). Plaintiff is currently incarcerated at the Ellsworth Correctional Facility in Ellsworth, Kansas ("ECF"). The Court granted Plaintiff leave to proceed in forma pauperis. On January 3, 2025, the Court entered a Memorandum and Order (Doc. 5) ("M&O") ordering Plaintiff to show good cause why his claims against Defendants KDOC, Centurion, Zmuda, and Howes, should not be dismissed. The Court also found that the proper processing of Plaintiff's claims could not be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials and ordered a *Martinez* Report. The *Martinez* Report (Doc. 13) (the "Report") was filed, and on May 6, 2025, the Court entered a Memorandum and Order (Doc. 20) ("M&O II"), granting Plaintiff until June 5, 2025, in which to respond to the Report and to show good cause why his claims should not be dismissed for the reasons set forth in the M&O II. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's allegations and the contents of the Report are set forth in detail in the M&O II. In summary, Plaintiff alleges he is deaf or significantly hearing impaired, and that Centurion and

the KDOC failed to train staff regarding offenders with hearing impairments, were deliberately indifferent to his medical needs, and failed to comply with the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").[1]  (Doc. 1, at 3.)  Plaintiff alleges that his claims center around five areas:  1) inadequate access to telecommunications; 2) inadequate access to auxiliary aids and services which consequently impede his religious exercise under the First Amendment; 3) inadequate visual notification of prison alerts and announcements; 4) ineffective communication with family and counsel and ineffective communication during parole and disciplinary proceedings; and 5) unequal treatment of deaf and hearing impaired inmates by prison officers.  *Id*. at 2; Doc. 1–1, at 4.

The Report provides that Plaintiff has not fully exhausted his administrative remedies by continuing the grievance process to the level of the Warden or the Secretary of Corrections. (Doc. 13, at 7–8.)  The Report also shows that Plaintiff received his Cochlear Hearing Implant shortly after filing this case, and that gaps in his treatment are "due to what appears to be his own failure to appear for appointments."  *Id*. at 11.  The Report also suggests that Plaintiff's current living arrangement appears to meet his needs regarding his disability.  *Id*.

In the M&O II, the Court dismissed Plaintiff's claims  against Centurion, Warden Howes, and Jeff Zmuda, finding that Plaintiff failed to show good cause why those claims should not be dismissed for the reasons set forth in the Court's M&O.  The Court also noted in the M&O II that the Report provides that Plaintiff has not fully exhausted his administrative remedies by continuing the grievance process to the level of the Warden or the Secretary of Corrections.  The Report also shows that Plaintiff received his Cochlear Hearing Implant shortly after filing this case, and that gaps in his treatment are due to what appears to be his own failure to appear for

---

[1] Plaintiff also references RLUIPA and free speech in his complaint that is attached to his Complaint on the Court-approved form.  (Doc. 1–1, at 2.)  Plaintiff does not elaborate on these claims or mention them in his Complaint at Doc. 1.

appointments.  The Report also provides that Plaintiff is currently successfully using the TTY system at ECF and he had a KDOC tablet while housed at LCF that allowed him to communicate with people on his approved call list.  The Report also suggests that Plaintiff's current living arrangement appears to meet his needs regarding his disability.

The Court found that Plaintiff's claims were subject to dismissal for failure to state a claim, and granted Plaintiff an opportunity to respond to the Report and to show good cause why dismissal should not be entered for the reasons stated in the M&O II.  The Court's M&O II provides that "[f]ailure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim."  (Doc. 20, at 12.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the M&O II.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated June 9, 2025, in Kansas City, Kansas.**

>**S/ John W. Lungstrum**
>**JOHN W. LUNGSTRUM**
>**UNITED STATES DISTRICT JUDGE**